IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Deidre A. Wood<br>**Debtor** | CHAPTER 13 |
| U.S. Bank, N.A., as trustee for Green Tree 2008-HE1, as Servicer with delegated authority under the transaction documents<br>**Movant**<br>vs. | NO. 15-18369 AMC |
| Deidre A. Wood<br>**Debtor** | 11 U.S.C. Section 362 |
| William C. Miller<br>**Trustee** | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's real property referenced in the Motion is $1,674.48, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 3, 2017 through May 3, 2017 at $485.03/month |
| Shortages in Monthly Payments: | Shortage of $469.39 in the payment due June 3, 2016 in the amount of $485.03 (payment of $15.64 received June 10, 2016); shortage of $235.03 in the payment due July 3, 2016 in the amount of $485.03 (payment of $250.00 received June 10, 2016) |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrearage:** | **$2,705.48** |

2. The Debtor shall cure the aforesaid said arrearage, while maintaining regular contractual mortgage payments, in the following manner:

   a). Beginning June 3, 2017 and continuing through November 2017, until the arrearages are cured, Debtor(s) shall pay the present regular monthly mortgage payment of $485.03 (or as adjusted pursuant to the terms of the mortgage) on or before the third (3rd) day of each month (with late charges to be assessed after the 18th of the month), plus an installment payment of $450.92 per month towards the arrearage on or before the last day of each month, and if mailing payments, the Debtor shall mail payments to the following address:

   Ditech Financial LLC
   P.O. Box 0049
   Palatine, IL 60055-0049

   b). Debtor shall maintain regular contractual monthly mortgage payments to the Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event that any of the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting the Movant relief from the automatic stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an Order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 1, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant/Creditor

Date: 6/8/17

Brad J. Sadek, Esquire
Attorney for Debtor

Date: 6-9-17

William C. Miller    JACK MILLER
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan